## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

George Mason Associates

    v.

Lykes Boykin

George Mason Associates

    v.

Panorama Real Estates et al.

July 21, 1982

Case Nos. (Law) 7295, 7296

By JUDGE ALBERT H. GRENADIER

In Law No. 7296 it is stipulated that the corporate defendants are liable to the plaintiff on the subject promissory note in the sum of $12,946.46, plus accrued interest of $1,366.20, or a total of $14,312.66 due as of June 28, 1982. The plaintiff also requests an award of reasonable attorney's fees as called for in the note. It is clear from the documentary evidence that the individual defendant, Lykes Boykin, did not personally guarantee the payment of the note, and is not directly liable thereon. In Law No. 7296 the plaintiff is, however, entitled to a judgment against the corporate defendants, jointly and severally, for the above-stated amount, plus costs. The Court will allow an attorney's fee of $750.00, which sum it deems reasonable under the circumstances.

In Law No. 7295 the plaintiff requests a judgment against the defendant, Lykes Boykin, alleging that he breached his agreement to purchase the promissory note from it at the balance now due, and seeks damages in

the sum of $13,328.28, the outstanding balance due on the note as of the date of filing, together with interest, costs and attorney's fees.

The defendant argues that the plaintiff has failed to prove its damages and therefore cannot recover in this case. He alleges that proof of the value of the note is required in order for the Court to assess the damages in accordance with § 8.2-708 of the Code of Virginia and that there is no evidence upon which the Court can intelligently estimate the damages. The standard vehicle usually employed for guaranteeing the payment of a note is to have the individual endorse it. In this case there is no such endorsement or signed guaranty agreement. Instead, there is an agreement to purchase the note from the holder at the then balance due. The Court is not persuaded, however, that § 8.2-708 provides the appropriate method of determining the damages in this case. In the first place, we are not dealing with non-acceptance of goods or a repudiation of a sale of goods by the purchaser. Secondly, even this Code section recognizes that the seller should be put in as good a position as he would have been had there been full performance.

The general purpose of the law, in fixing the amount of damages for the nonperformance of a contract, is to give such compensation as will put the plaintiff in the same position in which he would have been had the defendant kept his contract. Damages recoverable for breach of contract are such as may fairly and reasonably be considered as arising naturally from the breach of the contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the agreement, as the probable result of its breach.

Ordinarily the loss or injury sustained because of the breach, rather than the price agreed to be paid on full performance, is the general measure of damages. But there are exceptions to this rule. The full contract price can be recovered when the promisee has substantially performed his promise prior to the breach by the promisor. In this type of case, the promisor's full performance is due and becomes the measure of damages.

The relevant documents in this case indicate that it was the clear intention of the parties that in the event the defendant did not purchase the note, the balance due on the note would establish the appropriate measure of damages. The Court is certain that neither party contemplated that expert opinion evidence would be necessary to establish the value of the note (if any) and thereby determine the loss.

Accordingly, in Law No. 7295 the Court will enter a judgment against the defendant, Lykes Boykin, for the outstanding balance due on the note, together with the interest and attorney's fees hereinabove referred to.